COLEMAN–FULTON PASTURE CO. et al. v. ARANSAS COUNTY et al. (No. 5629.)*

(Court of Civil Appeals of Texas. San Antonio. Nov. 3, 1915. Rehearing Denied Dec. 1, 1915.)

1. COUNTIES ⬥⇒153½—SECURITIES—ISSUANCE OF BONDS — DIVERSION OF PROCEEDS — "BRIDGES"—"ROADS."

Where the people of a county voted bonds to construct, maintain, and operate macadamized, graveled, or paved roads, the diversion of over half the funds realized from the sale of the bonds by county authorities to the building of bridges and causeways necessary to effectuate the highway improvement will be restrained, since the Constitution does not authorize the issuance of county bonds for the con-

struction of bridges, while "bridges" are not roads.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 221, 222; Dec. Dig. ⬥⇒153½.

For other definitions, see Words and Phrases, First and Second Series, Bridge; Road.]

2. COUNTIES ⬥⇒153½ — SECURITIES — ISSUANCE OF BONDS—DIVERSION OF PROCEEDS— "To PAVE"—"PAVED ROADS."

Where the people of a county voted bonds to construct and operate macadamized, graveled, or paved roads, the county authorities were authorized by the Constitution to use the funds realized from the sale of the bonds to erect shell roads, which are "paved roads," within the provision of the Constitution authorizing the bond issue, since "to pave" means to lay or cover with stone, brick, or other material to make a firm, level, or convenient surface for horses, carriages, or persons on foot to travel on, so that the words "paved roads" include roads made of shell or mud shell.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 221, 222; Dec. Dig. ⬥⇒153½.

For other definitions, see Words and Phrases, First and Second Series, Pave.]

Appeal from District Court, Bee County; F. G. Chambliss, Judge.

Suit by the Coleman-Fulton Pasture Company and others against Aransas County and others to restrain a diversion of money voted for the construction of roads. From an order dissolving a temporary injunction, plaintiffs appeal. Judgment reversed, and cause remanded, with instructions.

Proctor, Vandenberge, Crain & Mitchell, of Victoria, Templeton, Brooks, Napier & Ogden, of San Antonio, for appellants. E. A. Stevens, of Rockport, Dougherty & Dougherty, B. D. Tarlton, Jr., and H. S. Bonham, all of Beeville, and A. J. Parker, of San Antonio, for appellees.

FLY, C. J. This is an appeal from an order dissolving a temporary injunction, which had been granted to restrain appellees from diverting certain money derived from the sale of $25,000 worth of bonds, voted by *the people of Aransas county for the purpose of constructing, maintaining, and operating macadamized, graveled, or paved roads,* from that purpose to that of building bridges and building roads with shell or mud shell. A temporary restraining order was granted, but upon hearing the facts the order was dissolved.

[1] The facts show that over one-half the funds realized from the bond issue were to be used by appellees in erecting bridges, a purpose for which the bond issue was not authorized by the Constitution or the vote of the people. We need not enter into a discussion of this point, for in a thoroughly considered opinion of this court in a companion case it was held that funds voted as these were cannot be used to build bridges. Coleman-Fulton Pasture Co. v. Aransas County, 180 S. W. 312, not yet officially published. The question is not whether the

---

⬥⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error pending in Supreme Court.

county can use such funds for building necessary culverts and causeways in order to render public roads safe and suitable for use, but the naked question: Can money voted under the Constitution to construct macadamized, graveled, or paved roads be diverted to the purpose of building bridges? It may be that if the money, or a portion thereof, voted for road purposes, is not used for the erection of bridges, the whole object and intent of the voters is destroyed; but that cannot deter a court from upholding and maintaining the Constitution, which has not authorized such use. That instrument has definitely given the grant of power, and that far and no further can counties of the state go. The Constitution is plain and unequivocal in granting the power, under such bond issues, to construct roads, and bridges are not roads, however essential a part they may be in linking together parts of a road or roads, and rendering them fit for use. This construction of the constitutional grant may retard progress and work hardship upon counties; but it is the plain and obvious meaning of the Constitution, which this court is bound to uphold and maintain.

[2] We are of opinion that appellees have full authority to use the funds arising from the sale of the bonds to construct, maintain, and operate roads, whether they be macadamized, graveled, or paved, and as there was sufficient testimony to show that the shell roads to be erected were paved roads, within the contemplation of the Constitution, the court properly refused to restrain appellees from using the money to construct such roads. "To pave" is defined by Webster's Unabridged Dictionary:

"To lay or cover with stone, brick, or other material, so as to make a firm, level, or convenient surface for horses, carriages, or persons on foot, to travel on."

The testimony shows that shell or mud shell will make a hard, smooth road, that is durable and lasting. The words "paved roads," we think, are broad enough to include roads made of shell or mud shell. It cannot be supposed that the Constitution meant to confine the words to roads with solid toppings, as asphalt or concrete, because it is well known that such materials are never used in Texas in building public roads, but are used only in towns and cities. Macadamized and graveled roads are mentioned, and then, as comprehending all other roads, the word "paved" was used. We think appellees have the right and authority to expend the money arising from the bond issue in the construction and maintenance of roads built, as indicated in the testimony, of shell or mud shell. The evidence was positive that shell roads are "paved roads."

The judgment is reversed, and the cause remanded, with instructions to the trial court to issue a temporary injunction restraining appellees from using the funds arising from the bond issue in building bridges, but not as to the roads, as prayed for in the application of appellants.