The case agreed is as follows:
1. Under and by virtue of the authority of Private Laws of 1913, ch. 352, the city of Hendersonville surveyed, excavated, guttered and curbed, storm-sewered, and laid the paving on North Third Avenue, West from Buncombe to Fleming Street, upon which the property of the defendant abuts along its eastern frontage, and guttered, curbed, excavated, storm-sewered, and surveyed Washington Street from North Fourth Avenue, West to South Second Avenue, and incidentally made repairs in the sidewalk where the above mentioned work necessitated conformation with the new improvement upon which the south frontage of the defendant's property abuts.
2. The said city of Hendersonville has charged the defendant with one-third of all the cost of the above stated work which abuts on his property, together with the pro rata cost of the intersections which were required to be paved between the terminals of the work mentioned.
3. The city of Hendersonville has assessed against the property of the defendant abutting on said aforementioned improvement one-third of the cost of the said improvement, including therein the cost of all the items mentioned in paragraph one of this case agreed, (477) amounting to the sum of $2,452.80, and which is divided into ten annual installments, the first of which is long since due and payable.
4. The total amount of $2,452.80, is made up of the following charges, plus interest, to wit: $1,075, cost of asphalt and stone base; combined concrete curb and gutters (consolidated with pavement), $473.88; grading, $135.96; engineering, $65.69; storm-sewer, $42.53; extra charge for three-foot strip of pavement, $51.57.
5. Private Laws of 1913, ch. 352 — the charter of the city of Hendersonville — sec. 13, provides: "Whenever a majority of the property owners in any section or block of the city shall petition the commissioners in writing to pave the street along and abutting on their property, it shall be the duty of the commissioners to grant such petition and to order such paving to be made, and to charge the costs thereof according *Page 502 
to the proportion laid along their respective properties as in the case of sidewalks above mentioned in the preceding section, one-third to be paid for by the property owner on one side of the street, one-third by the property owners on the other side of said street, and one-third by the city."
6. The property owners petitioned for the paving of the streets above set forth as provided in said above-quoted charter.
7. The provisions of the charter relating to the construction of sidewalks, referred to above, is found in section 12 of said chapter 352 of the Private Laws of 1913, and is as follows: "The commissioners shall have the power, by ordinance, or resolution to order sidewalks to be paved in the dimensions, manner, and material prescribed by such ordinance or resolution and the expense thereof to be paid by the persons whose property abuts on such proposed sidewalk, after the city at its own expense has already graded and curbed the said sidewalks; and no such sidewalk shall be ordered to be paid for by such property owners except where the sidewalk is to be in continuation of or adjoining some permanently paved sidewalk already in use and operation."
8. The defendant has refused to pay the assessments made against his property for the improvement of said streets abutting on his lots for that he contends that the city has no right under the charter as above set out to charge him with any portion of the cost of said improvement beyond the actual expense of laying the paving surface; that the guttering, curbing, surveying, incidental grading, storm-sewers, lowering of obstructing pipe lines and every other expense identical to the street improvement abutting on defendant's property is not authorized to be charged as a part of the cost of paving said streets. The defendant refuses to pay any part of the cost of said street improvement except the actual laying of the pavement after all other necessary and (478) incidental preliminary work has been done at the expense of the city.
9. Upon the petition of the majority of the property owners abutting on the streets above mentioned the city has paved the same, and in so doing has charged up every expense which was made necessary to the work of paving said street and without which the paving could not be put down and divided the cost as provided in section 13 of chapter 352 of the Private Laws of 1913, and the one-third cost assessed against the defendant he has refused, and still refuses, to pay for on account of the added cost of the necessary incidental work without which no pavement could be laid on the petition of the majority of the abutting property owners.
His Honor affirmed the following assessments against the defendant: *Page 503 
asphalt and stone base, $1,075; grading, $136.96; engineering, $65.69; storm-sewer, $42.53; extra three-foot strip of pavement, $51.57; and declined to sustain the assessment of $473.88 for the combined concrete curb and gutters. Judgment was rendered against the defendant for $1,370, and interest, as provided by law. Both parties excepted and appealed.
DEFENDANT'S APPEAL.
The defendant admits his liability upon the assessments levied for the stone base and asphalt ($1,075), and for the three-foot strip of pavement ($51.57), but contests his liability upon the assessments for the engineering, the grading, and the storm-sewer. His exception to the judgment is based upon the contention that under the provisions of sections 12 and 13 it was incumbent upon the plaintiff to survey, excavate, and fill the street and to construct the storm-sewer at its own expense, and that the assessment against his property should not exceed his proportionate part of the cost incurred for the asphalt and stone base. As we understand the record, this position cannot be sustained. The sections referred to are distinguishable; one of them applies to sidewalks and the other to streets; and the provisions of the two differ with respect to the assessments to be charged against the property of the abutting owner. Under section 12 the city, at its own expense, must grade and curb the sidewalks; and the curbing, but not the grading of the sidewalks is involved in this appeal. The provision in section 13 — "to charge the cost thereof according to the proportion laid along their respective properties as in the case of sidewalks;" — obviously refers to the proportion of frontage, or the ratio which the frontage of one abutting owner bears to the frontage of other abutting owners, and does not imply that the grading to the streets shall be done (479) at the expense of the city "as in the case of sidewalks."
It is equally clear, we think, that the word "pave" as used in section 13 signifies more than lying the stone base and covering it with asphalt. As a comprehensive term, it implies all things necessary to and immediately connected with the construction of a firm, convenient, and suitable surface for the use of horses, vehicles, and pedestrians, including the necessary preparation, such as engineering and grading, as well as putting down the stone, or brick, or other surface material, and thereby completing the work in the way intended for the public use. Buell v. Buell, 20 Iowa 290; Warrenv. Henly, 31 Iowa 36; Morse v. Westport, *Page 504 19 Mo. 831; In re Phillips, 60 N.Y. 16; Heath v. Taxicab Co., 131 P. 843; Coleman-Fulton Co. v. Arkansas Co., 180 S.W. 316. In our opinion each of the items charged against the defendant is a proper assessment.
Upon the defendant's appeal we find no error, and the judgment is
Affirmed.
PLAINTIFF'S APPEAL.
The plaintiff excepts to the judgment because his Honor did not charge the defendant with a proportionate part of the cost of the combined concrete curb and gutters. As we has indicated, section 12 provides that the city shall grade and curb the sidewalks at its own expense. It appears that the concrete curbing of the sidewalk, the cost of which is to be paid by the city, was combined with the gutters or consolidated with the pavement and the total cost was made an indivisible item of expense, so that it is impossible to ascertain the separate cost of the curbing. Under these circumstances, in our opinion, the entire expense of the combined curbing and gutters should be borne by the city. The judgment is therefore
Affirmed.
(480)